**GLICK LAW GROUP, P.C.**
  Noam Glick (SBN 251582)
  Kelsey D. McCarthy (SBN 305372)
225 Broadway, Suite 2100
San Diego, California 92101
Telephone: (619) 382-3400
Facsimile: (619) 615-2193
Email: noam@glicklawgroup.com
Email: kelsey@glicklawgroup.com

**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCI MYERS, an individual, on behalf of herself, and on behalf of others similarly situated; | CASE NO. '17 CV1228 WQHBLM |
| | |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR:** |
| vs. | **(1) FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT;** |
| INTUIT, INC., a Delaware corporation, | **(2) FAILURE TO PAY OVERTIME UNDER STATE LAW;** |
| Defendant. | **(3) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS UNDER STATE LAW;** |
| | **(4) FAILURE TO TIMELY PAY WAGES UNDER STATE LAW; AND** |
| | **(5) VIOLATION OF CALIFORNIA'S UCL.** |
| | **DEMAND FOR JURY TRIAL** |

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, DARCI MYERS ("Myers" or "Plaintiff") brings this action against Defendant INTUIT, INC. ("Intuit" or "Defendant"), on behalf of herself and all others similarly situated, and alleges on information and belief as follows:

## I.   INTRODUCTION

1.     Intuit sets aside a portion of its base payroll to fund its "Spotlight Program." Under this program, Intuit incentivizes and rewards its employees by providing bonuses for various actions, such as good performance and longevity of service.

2.     Intuit fails to re-factor these bonuses into its employees' "regular rate" of pay for purposes of calculating overtime.  This violates both state and federal law that define the "regular rate" very broadly "to include all remuneration for employment paid to, or on behalf of, the employee, [unless specifically excluded]." *See* 29 U.S.C. § 207.  By excluding a portion of its base payroll from the regular rate under the guise of its "Spotlight Program" or "Spotlight Bonuses," Intuit effectively pays employees a reduced overtime rate and lessens its overtime obligation.

3.     Plaintiff, the COLLECTIVE ACTION GROUP, and the CALIFORNIA CLASS, defined *infra*, are current and former non-exempt Intuit employees who worked overtime and received Spotlight Bonuses, yet received no corresponding increase in their overtime pay.

4.     Defendant's employment practices are in violation of the Fair Labor Standards Act ("FLSA"), the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, California's Division of Labor Standards Enforcement ("DLSE") policies, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. Its employment practices are unfair to employees and competitors.

## II.   JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiff's federal law FLSA claims pursuant to Title 28 of the United States Code, Sections 1331 and 1343(a)(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28 of the United States Code, Section 1367(a), because these claims are so closely related to Plaintiff's federal claims that they form parts of the same case or controversy under Article III of the United States Constitution.

7.    This Court has jurisdiction over Intuit, because it conducts substantial business in California. Intuit intentionally availed itself to the laws and markets of California through operation of its business in California. Intuit has sufficient minimum contacts with California to allow this Court to exercise jurisdiction.

8.    Venue is proper in the Southern District of California pursuant to Title 28 of the United States Code, Section 1391(b) and (c). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District.

## III.   PARTIES

9.    Plaintiff is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Intuit employed Plaintiff as a non-exempt seasonal and full-time Services and Support Representative from November 2013 through at least March 2017. Plaintiff worked overtime for Intuit and received Spotlight Bonuses.

10.    Intuit is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California, County of San Diego. Intuit employees hundreds of non-exempt employees who receive Spotlight Bonuses.

## IV.   GENERAL ALLEGATIONS

**A.     Intuit's Bonus Program**

11.     On a quarterly basis, Intuit sets aside a percentage of base payroll for its Spotlight Program. (See Exhibit A.) Intuit announces and describes the Spotlight Program to its employees.

12.     On Intuit's website, under employees' "My Benefits & Career" page, there is a subheading for "Rewards & Recognition" which outlines "Employee Spotlight Recognition." As described, the bonuses are designed as an "employee recognition program that enables [Intuit] to acknowledge contributions to the organization, express appreciation, highlight desired behaviors and outcomes, and celebrate milestones in an employee's service at Intuit." This Program automatically recognizes certain milestone anniversaries.

13.     Intuit also outlines how Spotlight bonuses apply to different types of employees. For seasonal employees, these bonuses "are issued more frequently but in smaller amounts . . . in order to show [Intuit's] appreciation for all [seasonal employees'] hard work. [Intuit] hopes that it serves as a good incentive and motivation to finish the season with [Intuit]." Fulltime employees are "recognized for their big accomplishments as well as outstanding performance on appropriate assignments." *See* Exhibit A.

14.     Intuit also describes these bonuses as "a discretionary award for a job well done, a goal achieved with impact beyond expectations or a set of behaviors that consistently and positively impacted others."

15.     Annually, Intuit totals the Spotlight bonuses and reports them as gifts for tax purposes. Intuit does not include the Spotlight bonuses in the regular rate for purposes of calculating an employees' overtime pay.

**B.** **General Overtime Computation**

16.    Under both federal and California law, a company must pay overtime at not less than one and one-half times the employee's "regular rate" of pay. 29 U.S.C. § 207 (a)(1); Cal. Lab. Code § 510. Federal and state legislatures define "regular rate" very broadly "to include *all remuneration* for employment paid to, or on behalf of, the employee, [unless specifically excluded]." *See* 29 U.S.C. § 207(e) (emphasis added).[1]

17.    Unless the remuneration falls within a limited statutory exception, it "must be added into the total compensation received by the employee before his regular hourly rate of pay is determined [for purposes of determining overtime compensation due]." 29 C.F.R. § 778.200(c) ("all remuneration for employment paid to employees which does not fall within one of [] seven exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined").

18.    The exclusions referenced above are discussed in Title 29 of the United States Code, Section 207(e) ("Section 207") and 29 C.F.R. Section 788.200, *et seq*. Examples of these exclusions include *bona fide*: gifts, discretionary bonuses, percentage bonuses, and stock option grants.  29 U.S.C. § 207 (e) and 29 C.F.R. § 788.200, *et seq*.

19.    Notably, courts "interpret[] [exceptions] *narrowly against the employer*, and the employer bears the burden of showing that an exception applies." *White v. Publix Super Markets, Inc.*, No. 3:14-CV-1189, 2015 WL 4949837, at *2 (M.D. Tenn. Aug. 19, 2015) (emphasis added). Moreover, courts interpret wage laws "liberally to apply to the furthest reaches consistent with congressional direction" because "broad coverage is essential to accomplish the goal of outlawing from

---

[1] *See also* California's Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and Interpretations Manual (2002), § 49.1.2 (adopting the definition of "regular rate" from the FLSA under the California Labor Code).

interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 296 (1985).

20.     Broad coverage and narrow exclusions bolster the specific purpose behind overtime requirements: "compensating the employees for the burden of a long workweek"[2] and "avoid[ing] the evil of . . . underpay."[3] Confirming the broad application and protections of the wage laws and regulations, the Ninth Circuit recently explained that in order to "effectuate the [overtime] statutory purposes . . . [courts] must look **not to contract nomenclature but to all payments**, wages, piece work rates, **bonuses**, **or things of value**." *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017) (internal citations omitted).

## C.     Gifts and Discretionary Bonuses

21.     Two exclusions from the regular rate potentially applicable here are: (1) Gifts, under Section 207(e)(1) and further defined in Code of Federal Regulations Section 778.212 ("CFR 212"); and (2) Discretionary Bonuses, under Section 207(e)(3) and further defined in Code of Federal Regulations Section 778.211 ("CFR 211").

22.     Sums paid "in the nature of gifts" are excluded from the regular rate under Section 207(e)(1). To qualify as an excluded gift, the payment must not be "geared towards wages" – i.e. not dependent on "hours worked, production, or efficiency." 29 C.F.R. § 778.212 (1968).

23.     Similarly, "discretionary bonuses" are excluded from the regular rate under Section 207(e)(3). To qualify as a discretionary bonus, the amount must "not [be] pursuant to any prior contract, agreement, or promise." Likewise, at or near the end of the period for which the bonus is paid, the employer must have sole discretion

---

[2] *See e.g. Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945).

[3] *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

over payment of the bonus and the amount. (Section 7(e)(3).) CFR 211 explains that bonuses "announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay."

### D. Application to Intuit's Spotlight Program

24. Intuit's Spotlight Bonuses are not gifts or discretionary bonuses. As an initial matter, these bonuses are designed to incentivize and acknowledge desired behaviors and outcomes. As such, they depend on the employees' performance (production, efficiency, and the like) and are "geared towards wages," rather than "in the nature of gifts" under Section 207(e)(1).

25. In the same way, Intuit pays the bonuses pursuant to a specific contract, agreement, or promise – the Spotlight Program. While a manager may have the discretion to award *some* of these bonuses (obviously not automated milestone bonuses), the total amount of the Spotlight Program is predetermined by Intuit in advance of each quarter and accounts for a set percent of base pay.

26. Rather, Intuit's bonuses fall squarely within the category of non-exempt "promised bonuses," described in CFR 211. They are "announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm." Such bonuses must be included in the regular rate.

## V.   COLLECTIVE ACTION ALLEGATIONS

27. By its actions described in this Complaint, Defendant violated the FLSA. Plaintiff now bring a collective action for violations of the FLSA on behalf of the COLLECTIVE ACTION GROUP which is defined as:

> All persons nationwide who were, are, or will be employed by Defendant as non-exempt employees who worked overtime and receive bonuses or other payments under the Spotlight Program or substantially similar programs during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

1    28.    To the extent equitable tolling operates to toll claims by the
2  COLLECTIVE ACTION GROUP against Defendant, the applicable statute of
3  limitations and period for calculating damages should be adjusted accordingly.

4    29.    Plaintiff brings this lawsuit on behalf of herself individually and the
5  COLLECTIVE ACTION GROUP as a collective action.  Defendant is engaged in
6  communication, business, and transmission throughout the United States and is,
7  therefore, engaged in commerce within the meaning of Title 29 of the United States
8  Code Section 203(b).

9    30.    Federal labor law mandates that an employee must be compensated for
10  all hours worked, including straight time compensation and overtime compensation.
11  For all hours worked over 40 in a week, overtime compensation is due at a rate not
12  less than one and one half times the regular rate of pay.

13    31.    Defendant willfully engaged in a widespread pattern and practice of
14  violating these provisions by failing to pay required overtime wages.

15    32.    This action meets all prerequisites for the maintenance of a collective
16  action under the FLSA.  Specifically:

17        (a)    The persons who comprise the COLLECTIVE ACTION GROUP
18        exceed 40 persons and are therefore so numerous that the joinder of all such
19        persons is impracticable and the disposition of their claims as a class will
20        benefit the parties and the Court;

21        (b)    Nearly all factual, legal, statutory, declaratory, and injunctive
22        relief issues raised in this Complaint are common to the COLLECTIVE
23        ACTION GROUP and will apply uniformly to every member of the
24        COLLECTIVE ACTION GROUP;

25        (c)    The claims of the representative Plaintiff are typical of the claims
26        of each member of the COLLECTIVE ACTION GROUP. Plaintiff, like all
27        other members of the COLLECTIVE ACTION GROUP, was subjected to
28        Defendant's illegal practices of failing to pay proper overtime wages. Plaintiff

sustained economic injury as a result of Defendant's employment practices. Plaintiff and the members of the COLLECTIVE ACTION GROUP were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendant; and

(d)     The representative Plaintiff will fairly and adequately represent and protect the interest of the COLLECTIVE ACTION GROUP, and has retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the COLLECTIVE ACTION GROUP that would make collective treatment inappropriate. Counsel for the COLLECTIVE ACTION GROUP will vigorously assert the claims of the entire COLLECTIVE ACTION GROUP.

## VI.   CALIFORNIA CLASS ALLEGATIONS

33.     Plaintiff also brings claims under California law as a class action pursuant to FRCP Rule 23 on behalf of a CALIFORNIA CLASS which consists of:

> All Defendants' California employees who were, are, or will be employed as non-exempt employees who worked overtime and received bonuses or other payments under the Spotlight Program or substantially similar programs during the period commencing four years prior to the filing of this Complaint and ending on the date as determined by the Court.

34.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against Defendant, the applicable statute of limitations or recovery period should be adjusted accordingly.

35.     Plaintiff is informed and believes that at least one member of the CALIFORNIA CLASS is a citizen of a state other than California. Plaintiff is informed and believes that the amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

36.     Defendant's corporate policies, practices, and procedures are in violation of the applicable California Labor Code, IWC Wage Order Requirements,

and other applicable provisions of California law in several respects. It intentionally, knowingly, and willfully refused to pay all compensation owed to Plaintiff and the CALIFORNIA CLASS for overtime compensation. They also failed to provide accurate itemized wage statements and failed to pay all wages when due.

37.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP Rule 23, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative Plaintiff are typical of the claims of each member of the CALIFORNIA CLASS. Plaintiff, like all other members of the CALIFORNIA CLASS, was subjected to Defendant's illegal practice of refusing to pay adequate wages, refusing to pay wages when due, and refusing to provide accurate wage statements. Plaintiff sustained economic injury as a result of Defendant's employment practices. Plaintiff and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendant; and

(d)    The representative Plaintiff will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained attorneys who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the CALIFORNIA CLASS that would make class certification

1    inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert
2    the claims of all CALIFORNIA CLASS members.

3    38.    In addition to meeting the statutory prerequisites to a Class Action, this
4    action is properly maintained as a Class Action pursuant to FRCP Rule 23, in that:

5        (a)    Without class certification and determination of declaratory,
6    injunctive, statutory, and other legal questions within a class format,
7    prosecution of separate actions by individual members of the CALIFORNIA
8    CLASS will create the risk of: inconsistent or varying adjudications with
9    respect to individual members and/or establishing incompatible standards of
10   conduct for the parties opposing the CALIFORNIA CLASS which would, as
11   a practical matter, be dispositive of interests of other members not party to the
12   adjudication. This would substantially impair or impede their ability to protect
13   their interests.

14       (b)    The parties opposing the CALIFORNIA CLASS have acted or
15   refused to act on grounds generally applicable to the CALIFORNIA CLASS,
16   making class-wide relief appropriate with respect to the CALIFORNIA
17   CLASS as a whole.

18       (c)    Common questions of law and fact exist as to the members of the
19   CALIFORNIA CLASS, with respect to the practices and violations of
20   California law as listed above. These common questions predominate over any
21   question affecting only individual members. A Class Action is superior to other
22   available methods for the fair and efficient adjudication of the controversy,
23   including consideration of:

24       1)    The interests of the members of the CALIFORNIA CLASS
25           in individually controlling the prosecution or defense of separate
26           actions;

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of Defendant's conduct towards Plaintiff and the CALIFORNIA CLASS.

## VII. <u>FIRST CAUSE OF ACTION</u>
**BY PLAINTIFF ON BEHALF OF HERSELF AND COLLECTIVELY ON BEHALF OF THE COLLECTIVE ACTION GROUP AGAINST DEFENDANT FOR FAILURE TO PAY OVERTIME UNDER THE FLSA**
**(Collective Action under the FLSA)**

39. Plaintiff incorporates by reference each and every allegation contained above.

40. Plaintiff brings this claim individually and on behalf of the COLLECTIVE ACTION GROUP against Defendant.

41. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiff and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including for overtime hours, as mandated by Title 29 of the United States Code, Section 207(a), Title 29 of the Code of Federal Regulations, Sections 778.0, *et seq.*

42. Defendant's willful violation of the FLSA entitles Plaintiff to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See* 29 U.S.C. § 216(b).

## VIII.  SECOND CAUSE OF ACTION
**BY PLAINTIFF ON BEHALF OF HERSELF AND THE CALIFORNIA CLASS AGAINST DEFENDANT FOR FAILURE TO PAY OVERTIME UNDER STATE LAW**
**(Class Action under FRCP Rule 23)**

43.     Plaintiff incorporates by reference each and every allegation contained above.

44.     Plaintiff brings this claim individually and on behalf of the CALIFORNIA CLASS against Defendant.

45.     California law requires overtime premium pay at not less than one and one half times the regular rate for hours worked in excess of eight in a day or forty in a week. *See* Cal. Lab. Code §§ 510 and 1198-1199; Cal. Code Regs., tit. 8, § 11040, subd. (3)(A)(1) / IWC Wage Order 2-2001.

46.     Defendant failed to provide sufficient additional compensation to Plaintiff and the CALIFORNIA CLASS for overtime hours worked as explained more fully above.

47.     Plaintiff is entitled to recover the full amount of her overtime pay, interest, applicable penalties, attorneys' fees, and costs.

## IX.    THIRD CAUSE OF ACTION
**BY PLAINTIFF ON BEHALF OF HERSELF AND THE CALIFORNIA CLASS AGAINST DEFENDANT FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(Class Action under FRCP Rule 23)**

48.     Plaintiff incorporates by reference each and every allegation contained above.

49.     Plaintiff brings this claim individually and on behalf of the CALIFORNIA CLASS against Defendant.

50.     The purpose for California's wage statement requirement, Labor Code Sections 226, *et seq.*, is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law.  Under Labor Code Section 226(h), "[a]n employee may also bring an action for injunctive relief to

ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

51.    Defendant violated the above statute by failing to provide accurate and complete paystubs/wage statements. Defendant's wage statements fail to accurately reflect overtime pay, gross wages, and net wages, among other shortcomings. Because Plaintiff was not aware of what her true wages should be and how they were calculated, she suffered economic loss in the form of lower wages for her labor.

52.    Defendant's violations in this respect are ongoing and will continue until and unless this Court enters an injunction barring such violations. Plaintiff therefore seeks damages and injunctive relief pursuant to Labor Code section 226, including attorneys' fees and costs incurred therein.

53.    Plaintiff is entitled to recover applicable penalties, attorneys' fees, and costs.

## X.    FOURTH CAUSE OF ACTION
### BY PLAINTIFF ON BEHALF OF HERSELF AND THE CALIFORNIA CLASS AGAINST DEFENDANT FOR FAILURE TO PAY ALL WAGES WHEN DUE
#### (Class Action under FRCP Rule 23)

54.    Plaintiff incorporates by reference each and every allegation contained above.

55.    Plaintiff brings this claim individually and on behalf of the CALIFORNIA CLASS against Defendant.

56.    Pursuant to California Labor Code Section 201, unpaid wages are due upon termination.

57.    Defendant failed to pay the earned and unpaid wages of Plaintiffs and the CALIFORNIA CLASS in the required amount of time.

58.    Pursuant to California Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof

at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

59.     Accordingly, Plaintiff and the CALIFORNIA CLASS are entitled to recover waiting-time penalties under California Labor Code Section 203 in an amount equal to 30 times their daily wage.

## XI.     FIFTH CAUSE OF ACTION
### BY PLAINTIFF ON BEHALF OF HERSELF AND THE CALIFORNIA CLASS AGAINST DEFENDANT FOR VIOLATION OF CALIFORNIA'S UCL
#### (Class Action under FRCP Rule 23)

60.     California Business & Professions Code, Sections 17200, *et seq.* ("UCL") prohibits any unlawful, unfair, deceptive, or fraudulent business practice.

61.     Defendant committed and continues to commit business practices within the meaning of California's UCL, including, but not limited to: (i) Failing to pay the full amount of overtime wages; (ii) Failing to pay the full amount of their earned and unpaid wages at the time of discharge; and (iii) Failing to provide accurate and itemized wage statements.

62.     The unlawful business practices described above have proximately caused monetary damages to Plaintiff and to the general public.

63.     Pursuant to the UCL, Plaintiff and the CALIFORNIA CLASS are entitled to restitution of money or property acquired by Defendant by means of such business practices, in amounts not yet known, but to be ascertained at trial.

64.     Pursuant to the UCL, Plaintiff and the general public are entitled to injunctive relief against Defendant's ongoing continuation of such business practices.

65.     If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured, the exact extent, nature, and amount of such injury being impossible to ascertain.

66.     Plaintiff has no plain, speedy, and adequate remedy at law.

67.   Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and of the general public.

68.   Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

69.   Private enforcement of these rights is necessary as no public agency has pursued enforcement.   There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiff is therefore entitled to an award of attorneys' fees and costs of suit pursuant to the UCL and California Code of Civil Procedure section 1021.5.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff on her own behalf and on the behalf of those similarly situated, prays for judgment as follows:

1.   For an order certifying the federal claims as a collective action;

2.   For an order certifying the state law claims as a class action under FRCP Rule 23;

3.   For consequential damages according to proof;

4.   For statutory damages and penalties according to proof;

5.   For a declaration that Defendant violated the rights of Plaintiff and those similarly situated under California and federal law;

6.   For liquidated damages according to proof pursuant to California Labor Code Section 1194.2 and the FLSA;

7.   For waiting time penalties according to proof pursuant to California Labor Code Sections 201, 202, and 203;

8.   That Defendant be ordered to show cause why it should not be enjoined and ordered to comply with the applicable Labor Code and FLSA

provisions related to overtime compensation and record keeping for Defendant's employees; and for an order enjoining and restraining Defendant and its agents, servants, and employees related thereto;

9. For restitution to Plaintiff and those similarly situated of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandates established by California's UCL;

10. For an injunction to prohibit Defendant from engaging in the unfair business practices complained of here;

11. For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. For actual damages or statutory penalties according to proof as set forth in California Labor Code Section 226;

13. For pre-judgment interest as allowed by California Labor Code Sections 218.5 or 1194 and California Civil Code Section 3287;

14. For reasonable attorneys' fees, expenses, and costs as provided by the California Labor Code, the California Code of Civil Procedure, namely Section 1021.5, and the FLSA; and

15. For such other relief that the Court may deem just and proper.

## XIII. <u>REQUEST FOR JURY TRIAL</u>

Plaintiff hereby requests a Trial by Jury.

Respectfully submitted:                **GLICK LAW GROUP, P.C.**

DATED:  June 16, 2017        By:        */s/ Noam Glick*
                                                 Noam Glick
                                                 Kelsey McCarthy
                                                 225 Broadway, Suite 2100
                                                 San Diego, California 92101
                                                 Telephone: (619) 382-3400
                                                 Facsimile: (619) 615-2193

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Email: noam@glicklawgroup.com
Email: kelsey@glicklawgroup.com


**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas
Alex M. Tomasevic
Shaun Markley
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

*Attorneys for Plaintiffs*