UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCI MYERS, an individual, on behalf of herself and on behalf of others similarly situated,<br><br>                                          Plaintiff,<br><br>v.<br><br>INTUIT, INC., a Delaware corporation,<br><br>                                          Defendant. | Case No.: 17cv1228-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

   The matters before the Court are the motion for summary judgment filed by Defendant Intuit, Inc. ("Intuit") and the motion for leave to file an amended complaint filed by Plaintiff Darci Myers ("Myers"). (ECF Nos. 28, 34).

## I.    BACKGROUND

   On June 16, 2017, Myers initiated this action by filing the Complaint against Intuit. (ECF No. 1). On October 17, 2017, Myers filed an Amended Collective and Class Action Complaint ("FAC"), the operative complaint in this litigation, bringing various causes of action against Intuit, her former employer. (ECF No. 22). Myers alleges that Intuit "sets aside a portion of its base payroll to fund its 'Spotlight Program'" under which Intuit awards its employees "bonuses for various actions, such as good performance and

1

longevity of service." (ECF No. 22 at 2). Myers alleges that Intuit "fails to re-factor these bonuses into its employees' 'regular rate' of pay for purposes of calculating overtime" in violation of state and federal law. *Id.* Myers alleges that "[b]y excluding a portion of its base payroll from the regular rate under the guise of its 'Spotlight Program' or 'Spotlight Bonuses,' Intuit effectively pays employees a reduced overtime rate and lessens its overtime obligation." *Id.* Myers brings the following causes of action against Intuit: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA") on behalf of herself and collectively on behalf of the collective action group; (2) failure to pay overtime under state law on behalf of herself and the California class; (3) failure to provide accurate itemized wage statements on behalf of herself and the California class; (4) failure to pay all wages when due on behalf of herself and the California class; (5) violation of California's Unfair Competition Law ("UCL") on behalf of herself and the California class; and (6) a cause of action pursuant to California's Private Attorney General Act ("PAGA") on behalf of herself and the California class for violations of the California Labor Code. *Id.* at 12–17.

Myers alleges that this Court properly has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and § 1343(a) and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a) because the "claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* at 3.

On January 22, 2018, Intuit filed a motion for summary judgment requesting that the Court dismiss the individual claims with prejudice and the class/collective and representative claims without prejudice for lack of standing and on judicial estoppel grounds. (ECF No. 28).

On February 13, 2018, Myers filed a response in opposition to the motion for summary judgment. Myers does not dispute that she lacks standing to pursue her individual or class claims but asserts that she maintains standing to pursue a PAGA representative action. (ECF No. 33).

On February 14, 2018, Myers filed a motion for leave to file an amended complaint. (ECF No. 34). Myers seeks to substitute Wade Shumway as the class representative for the collective FLSA claims, the California Labor Code claims, and representative PAGA claims, to add rounding claims, and to dismiss Myers as a representative of the collective and class claims "while leaving her as a PAGA representative." (ECF No. 34-1 at 6).

On February 16, 2018, Intuit filed a reply in support of the motion for summary judgment. (ECF No. 35).

On March 12, 2018, Intuit filed a response in opposition to the motion for leave to file an amended complaint. (ECF No. 36). Intuit contends that this Court lacks subject matter jurisdiction to allow any leave to amend and that the motion fails under Federal Rule Civil Procedure 15 and 16.

On March 19, 2018, Myers filed a reply in support of the motion for leave to file an amended complaint. (ECF No. 37).

## II. REQUEST FOR JUDICIAL NOTICE

In its initial motion for summary judgment, Intuit requests that the Court take judicial notice of the following pursuant to Federal Rule of Evidence 201: (1) Plaintiff's Voluntary Petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code and related schedules, filed on June 29, 2017 as Document #1 in the United States Bankruptcy Court for the Southern District of California in Case Number 17-03861-LT7 (Exhibit 1, ECF No. 28-2 at 5–70); (2) Text entry Chapter 7 Trustee's Report of No Distribution filed on August 15, 2017 as Document # 12 in the United States Bankruptcy Court for the Southern District of California in Case Number 17-03861-LT7 (Exhibit 2, ECF No. 28-2 at 72); and (3) Order discharging Plaintiff's debts under the Bankruptcy Code entered into on September 26, 2017, by the United States Bankruptcy Court for the Southern District of California in Case Number 17-03861-LT7 and filed as Document # 16. (Exhibit 3, ECF No. 28-2 at 75–76). (ECF No. 28-2 at 1–3). The record reflects that Myers has not filed any opposition to this request for judicial notice. In a supplemental request for judicial notice filed with its reply, Intuit requests that the Court take judicial notice of the following pursuant to Federal

Rule of Evidence 201: "Order reopening Plaintiff Darci Myers' Chapter 7 Bankruptcy Estate, filed on February 1, 2018 as Document #24 in the United States Bankruptcy Court for the Southern District of California in Case Number 17-03861-LT7." (ECF No. 35-1 at 4–5).

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

Pursuant to Federal Rule of Evidence 201 and in light of the lack of any opposition by Myers, the Court grants Intuit's initial and supplemental requests for judicial notice. *See, e.g.*, *Rosenberg v. Renal Advantage, Inc.*, No. 11CV2152-GPC KSC, 2014 WL 1652580, at *4 (S.D. Cal. Apr. 24, 2014), aff'd, 649 F. App'x 580 (9th Cir. 2016).

### III. BANKRUPTCY PROCEEDINGS

On June 29, 2017, Myers and her husband filed a Voluntary Petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code ("the Petition") in the United States Bankruptcy Court for the Southern District of California. (Pl. Response to Statement of Undisputed Material Fact "SUMF", ECF No. 33-1 at ¶ 3; Exhibit 1, ECF No. 28-2). Myers did not disclose her existing Complaint against Intuit in the Petition and its supporting schedules and statements. (Pl. Response to SUMF, ECF No. 33-1 at ¶ 4; Exhibit 1, ECF No. 28-2). On Schedule A/B to her Petition, Myers indicated "No" in response to the following question: "30. **Other amounts someone owes you** *Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers'

compensation, Social Security benefits; unpaid loans you made to someone else[.]" (Exhibit 1, ECF No. 28-2 at 18). Myers indicated "No" in response to the following question: "33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment** *Examples:* Accidents, employment disputes, insurance claims, or rights to sue[.]" (*Id.* at 19). Myers indicated "No" in response to the following question: "34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**[.]" *Id.*

On September 26, 2017, the Bankruptcy Court issued an order discharging Myers' debts. (Pl. Response to SUMF, ECF No. 33-1 at ¶ 6; Exhibit 3, ECF No. 28-2). The discharge order entered by the Bankruptcy Court was based on the schedules submitted by Myers which did not disclose her interests in this action. (Pl. Response to SUMF, ECF No. 33-1 at ¶ 7; Exhibit 1, ECF No. 28-2; Exhibit 2, ECF No. 28-2).

On February 1, 2018, the Bankruptcy Court reopened Myers' case on a motion by Intuit "so that a Chapter 7 Trustee may be appointed to administer unscheduled assets." (ECF No. 35-1 at 4–5).

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Contentions

Intuit contends that this Court lacks subject matter jurisdiction over this lawsuit because Myers lacks standing to bring any of the alleged claims as a result of her Chapter 7 bankruptcy. Intuit contends that upon the filing of the Petition, Myers' interests in any cause of action passed to the bankruptcy estate. Intuit contends that Myers lacked standing to assert her individual claims, the legal rights of class members, or the representative PAGA claims as of the filing of the Petition. Intuit contends that Myers lacks standing to bring her PAGA claims regardless of whether she is acting as the state or an individual. (ECF No. 35 at 6). Intuit further contends that dismissal on judicial estoppel grounds is warranted in order to prevent Myers from "benefitting from her failure to fully and candidly disclose this case to the Bankruptcy Court." (ECF No. 28-1 at 17). Alternatively, Intuit contends that the Court may decline to exercise supplemental jurisdiction over this case

following its dismissal of the federal claims in this suit because the FAC alleges federal question jurisdiction as its basis for subject matter jurisdiction. (ECF No. 35 at 6). Intuit contends that dismissal, rather than substitution of another plaintiff, is required where the sole plaintiff lacks standing prior to certification and the filing of an operative complaint. Intuit "requests that the Court grant its Motion for Summary Judgment in full and immediately dismiss Plaintiff's individual claims with prejudice and the class, collective and PAGA claims without prejudice." (ECF No. 28-1 at 22).

Myers contends that Intuit "has filed a premature Motion for Summary Judgment . . . that . . . will be mooted by [Myers'] forthcoming Motion for Leave to Amend the First Amended Complaint." (ECF No. 33 at 5). Myers "requests that this Court: (1) refrain from ruling on this MSJ until it has first ruled on Plaintiff's MLA; (2) grant Plaintiff leave to withdraw as lead plaintiff in this action and to substitute Mr. Shumway in her place; and (3) permit Plaintiff to continue as the PAGA representative for the remaining aggrieved employees of the PAGA representative class." *Id.* at 5–6. Myers does not dispute that "she no longer maintains standing to pursue the individual or class claims at issue in this action." *Id.* at 14; *see also id.* at 7, 9. However, Myers contends that she "maintains standing to pursue the PAGA representative action and should be allowed to proceed in that capacity." *Id.* at 10. Myers contends that "a PAGA action creates no assignable interest, and a PAGA plaintiff has no individual property rights in a PAGA cause of action that can pass to a bankruptcy estate." *Id.*

**B. Applicable Law**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Constitutional standing requires that a

17cv1228-WQH-BLM

plaintiff suffered an "injury in fact" that is fairly traceable to the defendant and that a favorable court decision could likely redress. *Id.* at 560–61 (citations omitted). In the absence of Article III standing, a court lacks subject matter jurisdiction to entertain the lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Beyond the constitutional minimum of standing, "we additionally require as a prudential matter that [a plaintiff] assert [her] own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). A plaintiff lacks prudential standing to bring a claim if that claim has been discharged in bankruptcy and is the property of the bankruptcy estate. *See id.* at 1112–13 (holding that a plaintiff who had failed to schedule legal claims on his Chapter 7 bankruptcy petition lacked prudential standing to pursue those claims because they belonged to the bankruptcy estate).

## C. Discussion

Myers lacks standing to bring her individual, class, and collective claims because Myers' interests in these claims became the property of the bankruptcy estate as of the date she filed her Petition, which failed to disclose these claims.[1] *See id.* at 1112; *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) ("The 'property of the estate' includes 'all legal or equitable interests of the debtor in property as of the commencement of the case,' . . . including the debtor's 'causes of action.'"); *In re Lopez*, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002) ("[T]he Action became property of the bankruptcy estate as of the Petition Date, even though the Action was not listed in the schedules, and property that is neither abandoned nor administered remains property of the estate even after the case is closed."). The transfer of Myers' assets to the bankruptcy estate deprived her of prudential

---

[1] With the exception of the PAGA representative claim, the parties agree that Myers lacks standing to bring her causes of action. *See* ECF No. 28-1; ECF No. 33 at 14.

standing to bring those claims that now belong to the bankruptcy estate. *See Dunmore*, 358 F.3d at 1112; *see also Schneider v. Unum Life Ins. Co. of Am.*, No. CV05-1402 PK, 2008 WL 1995459, at *3 (D. Or. May 6, 2008) ("A plaintiff's lack of prudential standing does not rob the court of subject matter jurisdiction, but rather can be remedied under Federal Rule of Civil Procedure 17(a)."). Accordingly, Myers' causes of action for (1) failure to pay overtime under the FLSA; (2) failure to pay overtime under state law; (3) failure to provide accurate itemized wage statements under state law; (4) failure to timely pay wages under state law; and (5) violation of California's UCL are dismissed. To the extent they are brought in an individual capacity, these claims are dismissed with prejudice. To the extent they are brought in a class or collective capacity, these claims are dismissed without prejudice.[2]

Myers' remaining cause of action against Intuit arises under California's PAGA for violations of various sections of the California Labor Code.[3] (ECF No. 22 at 16). The FAC alleges,

> 5. The Court has subject matter jurisdiction over Plaintiff's federal law FLSA claims pursuant to Title 28 of the United States Code. Sections 1331 and 1343(a)(4), because these claims seek redress for violations of Plaintiff's federal and statutory rights.

> 6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28 of the United States Code, Section 1367(a), because these claims are so closely related to Plaintiff's federal claims that they form parts of the same case or controversy under Article III of the United States Constitution.

---

[2] Myers has not sought to substitute the bankruptcy estate in as the real party in interest in this action or otherwise asserted that her standing defect in could be cured. *See Dunmore*, 358 F.3d at 1112 (explaining that a party can cure a lack of prudential standing under Federal Rule of Civil Procedure 17(a)).

[3] The parties dispute Myers' standing to bring a PAGA representative action. Intuit contends that Myers' interest in the PAGA claim belongs to the bankruptcy estate. Myers contends that her interest in the PAGA claim is not assignable and therefore could not be transferred to the bankruptcy estate. The Court does not reach this issue because it declines to exercise jurisdiction over the remaining PAGA claim which arises under state law.

17cv1228-WQH-BLM

(ECF No. 22 at 3). The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

In this case, the Court has dismissed the FLSA claim on prudential standing grounds. The FLSA cause of action is the only federal cause of action asserted by Myers. The PAGA cause of action, which arises under state law, is the sole remaining claim in this litigation. Having dismissed the only federal claim asserted by Myers against Intuit for lack of standing, the Court declines to exercise supplemental jurisdiction over the remaining state law PAGA claim pursuant to 28 U.S.C. § 1367(c)(3). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

## V.   MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### A. Contentions

Myers moves the Court for an order granting leave to file an amended complaint that (1) substitutes Wade Shumway as the class representative for the collective FLSA claims, the class California Labor Code claims, and representative PAGA claims; (2) adds rounding claims; and (3) dismisses Myers as a representative of the collective and class claims while leaving her as a PAGA representative. (ECF No. 34 at 2). Myers contends that Rule 15 is applicable to this motion. Myers contends that it would be a waste of judicial resources to require Shumway to file a separate action "whether judged under a 'liberal amendment' or 'good cause' standard." (ECF No. 37 at 5). Myers contends that "California law mandates that a putative lead plaintiff be granted leave to substitute a new class representative when it is determined that she can no longer suitably represent the

putative class." (ECF No. 34-1 at 4). Myers asserts that she discovered the rounding claim in the course of reviewing documents produced by Intuit and contends that allowing this amendment will facilitate a decision on the merits. Myers contends that she maintains standing to continue to serve as the PAGA representative in this action because she continues to be an aggrieved employee and the bankruptcy estate does not have any interest in the PAGA claim. Myers contends that courts "readily permit substitution of plaintiffs and continuation of the class action" when standing is lost after the filing of a complaint. (ECF No. 37 at 3). Myers contends that Intuit's judicial estoppel argument fails because this case should go forward "to allow Shumway and the other non-party potential class members to pursue their claims, not to benefit Myers." *Id.* at 5.

Intuit contends that this Court lacks subject matter jurisdiction as a result of Myers' admission that she lacks standing to pursue her FLSA claims. Intuit contends that under Ninth Circuit precedent Myers cannot amend to substitute a new plaintiff because Myers, the only named plaintiff, lacked standing prior to certification of the class. Intuit contends that Myers no longer has standing to serve as the PAGA representative because her interest in the PAGA claim belongs to the bankruptcy estate. Intuit asserts that the motion for leave to amend is untimely with respect to the Court's scheduling order and that Myers fails to satisfy her burden of establishing good cause as required under Federal Rule of Civil Procedure 16. Further, Intuit contends that "the record is replete with evidence that no good cause exists" because "Myers' request to amend stems directly from her improper failure to disclose this action to the U.S. Bankruptcy Court and thereby secure a discharge of her debts while still maintaining a potential right to recover through this action." (ECF No. 36 at 18–19). Intuit contends that permitting amendment "would set a dangerous precedent by rewarding her improper conduct in concealing this lawsuit from the Bankruptcy Court and concealing her bankruptcy from this Court." *Id.* at 19. Intuit contends that Myers should be judicially estopped from further pursuing this action.

**B. Legal Standard**

17cv1228-WQH-BLM

A motion for leave to amend filed after the time period specified in a district court's scheduling order is governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b) provides that a district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Rule 16(b) also provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the court finds that a plaintiff has shown good cause pursuant to Federal Rule of Civil Procedure 16(b), the court must then consider whether leave to amend is proper under Federal Rule of Civil Procedure 15. *Id.* at 608. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609.

Federal Rule of Civil Procedure 15(a) provides that after the time for amendment "as a matter of course" has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely

given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### C. Discussion

On August 16, 2017, the Magistrate Judge issued a scheduling order stating that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by October 13, 2017." (ECF No. 17 at 1).[4] Because the instant motion for leave to amend was filed on February 14, 2018, after the deadline set in the scheduling order, the good cause standard of Rule 16(b) applies in this case. Pursuant to Rule 16, the Court considers the diligence of the Myers, the party seeking an extension in this case, to determine whether any modification to the scheduling order should be granted. *See Johnson*, 975 F.2d at 609.

Myers filed this motion for leave to amend, in which she concedes lacking standing to bring most of her claims, four months after the October 13, 2017 deadline to amend pleadings set by the Magistrate Judge. This motion was filed over seven months after June 29, 2017, the date as of which Myers lacked prudential standing. Both the filing of the Petition and the discharge order occurred prior to the Court's October 13, 2017 deadline to amend the pleadings; Myers had the opportunity to seek leave to amend or seek a modification of the scheduling order to reflect these changed circumstances. Further, the

---

[4] Myers asserts that the Court "did not set limits on amending pleadings in its August 16, 2017 scheduling order." (ECF No. 34-1 at 7 n.1).

docket reflects that Myers filed the FAC, the operative complaint in this action, after the bankruptcy proceedings had taken place. Myers fails to provide sufficient reason for failing to seek leave to amend or a modification to the scheduling order promptly after losing prudential standing and within the timeline provided by the Court.[5] Intuit additionally provides evidence that Myers did not disclose this lawsuit to the Bankruptcy Court despite a legal requirement to do so. (Exhibit 1, ECF No. 28-2 at 19; Myers Dep., ECF No. 28-3 at 7–8). Myers' failure to timely disclose this lawsuit to the Bankruptcy Court and to timely disclose her bankruptcy in the course of litigation in this Court weigh in favor of denying leave to amend.

Myers asserts that the Court is obligated to allow the substitution of Wade Shumway because the law "mandates that a putative lead plaintiff be granted leave to substitute a new class representative when it is determined that . . . she can no longer suitably represent the putative class." (ECF No. 34-1 at 4). However, this analysis is primarily applicable to cases in which a class has been certified and has achieved a legal status separate from the named plaintiffs. "[A]fter a class has been certified, Courts regularly allow replacement of the named plaintiff." *Miller v. Mercedes–Benz USA*, No. CV 06–5382, 2009 WL 1393488, at *1 (C.D. Cal., May 15, 2009) (citing *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331 (11th Cir. 2003); *Brookhaven Hous. Coal. v. Sampson*, 65 F.R.D. 24 (E.D.N.Y. 1974)).

> [T]he reason substitution is appropriate after class certification is that "once certified, a class acquires a legal status separate from that of the named plaintiffs," such that the named plaintiff's loss of standing does "not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims." This line of reasoning is inapposite . . . where no class has yet been certified.

---

[5] Noam Glick, counsel for Myers, filed a declaration in support of the opposition to the motion for summary judgment on February 13, 2018 stating, "On November 14, 2017, it came to light during Plaintiff's deposition that Plaintiff filed for bankruptcy on June 29, 2017." (ECF No. 33-2).

*Velazquez v. GMAC Mortg. Corp.*, No. CV 08–5444, 2009 WL 2959838, at *3 (C.D.Cal., Sept.10, 2009) (quoting *Birmingham Steel Corp.*, 353 F.3d at 1036); *see also Miller,* 2009 WL 1393488, at * 1; *Hitt v. Arizona Beverage Co., LLC*, No. 08CV809WQH-POR, 2009 WL 4261192, at *4–5 (S.D. Cal. Nov. 24, 2009).

In this case, no class has been certified. Myers has not filed a motion for class certification and the December 15, 2017 deadline to file a motion for class certification has passed. (ECF No. 17, 30). Myers' argument is not persuasive under the facts of this case where no class has been certified and Myers lacked prudential standing to bring claims prior to filing the operative complaint in this action. *See also Neal v. NaturalCare, Inc.*, No. EDCV 12-0531-DOC OPX, 2014 WL 346639, at *5 (C.D. Cal. Jan. 30, 2014) (granting a motion to decertify a class and dismissing an action with prejudice after determining that the sole named plaintiff lacked prudential standing to bring the claims in the operative complaint due to the plaintiff's bankruptcy). Shumway maintains the right to assert his individual, class/collective, and representative claims in a new action. However, Myers fails to demonstrate good cause for her belated motion to amend and for any modification to the scheduling order.

## VI.  CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 28) is GRANTED. The FAC is dismissed in its entirety. To the extent the causes of action for failure to pay overtime under the FLSA; failure to pay overtime under state law; failure to provide accurate itemized wage statements under state law; failure to timely pay wages under state law; and violation of California's UCL are brought in the individual capacity, they are dismissed with prejudice. The FAC is otherwise dismissed without prejudice.

IT IS FURTHER ORDERED that the Motion for Leave to File an Amended Complaint (ECF No. 34) is DENIED.

Dated:  May 18, 2018

Hon. William Q. Hayes
United States District Court

14